GRIFFIN, J.,
concurring in part and dissenting in part.
I am unable to concur in the decision to remand for removal of the termination under Section 39.806(l)(j), Florida Statutes (2011). That section was added to the list of grounds for termination of parental rights in 2008, and, even though substance abuse is a primary cause of parental failure in this state, there have been no reported cases under this subsection. This is not surprising, given that it doesn’t make a lot of sense. This ground for termination provides:
(j) The parent or parents have a history of extensive, abusive, and chronic use of alcohol or a controlled substance which renders them incapable of caring for the child, and have refused or failed to complete available treatment for such use during the 3-year period immediately preceding the filing of the petition for termination of parental rights.
So ... looking backward for a period of three years from the date of filing the petition for termination of parental rights based on a parent’s “extensive, abusive and chronic use of alcohol or a controlled substance that renders them incapable of caring for the child,” this ground is not *1291 available unless, during that time period, the parent has either refused treatment or failed to complete “available” treatment. Seemingly, as the statute is written, if in May 2012 the Department of Children and Families files a termination of parental rights petition against a parent whose extensive, abusive and chronic drug abuse makes them incapable of caring for their child, the court is powerless to terminate parental rights if, at some point, in the preceding three years, the parent had “completed” an “available” treatment. It will not matter that the parent relapsed and has remained a barely functioning addict and a failed parent ever since. The trial court thought this made no sense.
I think I will stand with the trial judge on this one. It is understandable that a parent should not face termination of their parental rights due to addiction to alcohol or drugs unless they have, in the recent past, been offered access to treatment, but why would it matter whether the treatment were refused, completed or left incomplete if the parent remains incapable of caring for their child? What matters is that treatment was made available, and the parent remains incapable of caring for their child.